UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHARON A. EARLEY,

    Plaintiff,                                    Case No. 3:19-cv-351

vs.

COMMISSIONER OF SOCIAL SECURITY,    District Judge Michael J. Newman

    Defendant.

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 6), and the record as a whole.[2]

I.

A.    **Procedural History**

This Social Security Disability appeal concerns applications Plaintiff filed in July 2012 seeking DIB and SSI. PageID 267-75. Plaintiff presently alleges an amended disability onset date

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

of May 16, 2013 (PageID 993) and claims disability as a result of a number of severe impairments including, *inter alia*, lumbosacral degenerative disc disease, cervical degenerative disc disease, fibromyalgia, carpal tunnel syndrome, depression, and anxiety.  PageID 996.

Prior to the applications now at issue, Plaintiff previously applied for Social Security disability benefits, the history and disposition of such were summarized as follows in Plaintiff's previous appeal before the Court:

> A. **February 28, 2008 through June 24, 2010**
>
> Plaintiff filed applications in 2008, contending that she was eligible for benefits because she had been under a "disability" on and after February 28, 2008. Administrative Law Judge (ALJ) James I.K. Knapp held a hearing and later determined that Plaintiff had not been under a "disability" within the meaning of the Social Security Act for the time period starting on February 28, 2008 through the date of his decision on June 24, 2010.  Plaintiff unsuccessfully appealed to the Social Security Administration's Appeals Council.  She took no further action concerning her 2008 applications.
>
> B. **June 25, 2010 through May 15, 2012**
>
> In 2010, Plaintiff filed her second applications for DIB and SSI.  Following an administrative hearing, ALJ David A. Redmond concluded that Plaintiff was not under a disability for the period starting on her claimed disability onset date of June 25, 2010 to the date of his Decision on May 15, 2012.  Several of ALJ Redmond's particular findings warrant brief mention here because they reappear in the present case by way of administrative res judicata.
>
> ALJ Redmond found that Plaintiff suffered from the severe impairments of "degenerative disk [disease] of the cervical spine; bilateral carpal tunnel syndrome, fibromyalgia; major depressive disorder; and panic disorder."  He further found that the most she could still do despite her impairments -- her "residual functional capacity," *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) -- would be light work with many specific limitations.  ALJ Redmond then concluded that, given these abilities and limitations, and other pertinent considerations, Plaintiff was not disabled because she could still perform a significant number of jobs available in the national economy.  Plaintiff did not appeal ALJ Redmond's decision.

PageID 11545-56 (internal record citations omitted).

Following the filing of the applications now at issue, and following an initial denial of those applications, Plaintiff received a hearing before ALJ David Redmond on May 28, 2014. PageID 85-102. ALJ Redmond issued a written decision finding Plaintiff not disabled. PageID 64-78. Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ Redmond's non-disability finding the final administrative decision of the Commissioner. PageID 49-51. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

Plaintiff timely appealed ALJ Redmond's opinion to this Court and, on review, Judge Ovington issued a decision reversing the non-disability finding and remanding the matter to the ALJ for an immediate award of benefits. PageID 1154-85. Thereafter, the Court denied the Commissioner's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *Early v. Berryhill*, No. 3:15-cv-00166, 2017 WL 6508174, at *4 (S.D. Ohio July 28, 2017). The Commissioner appealed the Court's decision to the United States Court of Appeals for the Sixth Circuit, which, *inter alia*, reversed the Court's conclusion that a remand for an immediate award of benefits was proper and remanded the matter to the Commissioner "to reconsider Earley's application[s] for benefits." *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 935 (6th Cir. 2018).

On remand, Plaintiff received a hearing before ALJ Gregory Kenyon (hereinafter, "ALJ") on August 1, 2019. PageID 1080-1109. Thereafter, the ALJ issued a written decision finding Plaintiff not disabled. PageID 992-1014. Specifically, the ALJ found at Step Five that, based

upon Plaintiff's residual functional capacity ("RFC")[3] to perform a reduced range of light work,[4] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 1013. Plaintiff did not seek Appeals Council review of the ALJ's decision on remand and, instead, timely filed this appeal. *See* 20 C.F.R. § 404.984(c) and (d) (in a case remanded by a Federal Court, "[i]f no exceptions are filed and the Appeals Council does not assume jurisdiction of [the] case, the decision of the [ALJ] becomes the final decision of the Commissioner after remand").

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 999-1012), as well as the parties' briefing on appeal (docs. 9, 12, 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

**II.**

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46

---

[3] A person's RFC is the most that an individual can do despite his or her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). An ALJ determines a claimant's RFC "based on all the relevant evidence in [the claimant's] case record," including statements about what the claimant can do "provided by medical sources" and "descriptions and observations of [the claimant's] limitations from [his or her] impairment(s), including limitations that result from [the claimant's] symptoms, such as pain, provided by [his or her] family, neighbors, friends, or other persons." 20 C.F.R. § 404.1545(a)(3).

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

(6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.  **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff argues that the ALJ erred: (1) in weighing the opinion evidence of record, including, *inter alia*, the opinion of treating medical source Richard Byers, M.D.; and (2) by finding that her use of a cane for ambulating is not medically necessary. Finding error in the ALJ's weighing of Dr. Byers's treating opinion, the Court does not reach the merits of Plaintiff's second alleged error and, instead, directs that the ALJ fully consider this issue (and all of Plaintiff's remaining arguments, if any) when reconsidering the evidence and Plaintiff's disability status on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*,

No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors,[5] including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply,

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

7

"[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, Plaintiff challenges the ALJ's assessment of an opinion offered by treating family physician, Dr. Byers. *See* PageID 652-57. In his opinion offered on July 25, 2013, Dr. Byers concluded that Plaintiff was limited to: lifting 10 pounds occasionally and 5 pounds frequently; walking for a total of 2 hours per workday and up to 15 minutes without interruption; sitting for 4 hours per workday and up to 1 hour without interruption; occasionally pushing, pulling, performing fine manipulation, climbing and balancing; and never stooping, crouching, kneeling, or crawling. *Id*.

The ALJ found Dr. Byers's opinion entitled to "little, and not controlling or deferential, weight" because the limitations he found are purportedly "not generally supported by or consistent with the record." PageID 1010. In explaining his conclusion, the ALJ noted that:

> While the claimant did have some pain complaints, her imaging studies and EMG reflected mostly minimal to mild findings prior to his opinion, which does not support the extensive limitations Dr. Byers opined. Furthermore, with only a few exceptions throughout the entire record, the claimant's treatment notes often reflect relatively good strength with normal gait, which demonstrates significantly better physical functioning than opined by Dr. Byers. Even the claimant's own testimony that she was able to sit for an hour at a time and stand for half an hour at a time while lifting at least a gallon of milk demonstrates greater functioning than reflected in Dr. Byers' opinion.

8

*Id*. (internal record citations omitted). The Court finds error in this analysis.

Even looking beyond the issue of whether imaging findings of record may actually support the limitations opined by Dr. Byers -- particularly Plaintiff's October 2013 lumbar MRI confirming conditions that "correlate clinically for facetogenic low back pain" (PageID 660) -- or whether the ALJ erred in interpreting medical findings into functional terms,[6] the Court finds that the ALJ's analysis concerning Dr. Byers's opinion suffers from many of the same errors previously found by Judge Ovington in reversing ALJ Redmond's prior non-disability finding. *See* PageID 1176. Most notably, it appears that the ALJ failed to consider Plaintiff's fibromyalgia singly or in combination with her other impairments in weighing Dr. Byers's opinion.

The ALJ here, like ALJ Redmond previously, placed great significance on minimal or mild objective imaging findings and observations of "good strength" on clinical examination to conclude that Plaintiff's symptoms could not possibly be as severe as she alleges or as Dr. Byers opines. PageID 1010. However, as long noted by the Sixth Circuit, "unlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007). In fact, fibromyalgia patients "manifest normal muscle strength and neurological reactions and have a full range of motion." *Id*. at 244 (quoting *Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815, 820 (6th Cir. 1988)). Unsurprisingly, then, "[f]ibromyalgia can be disabling even in the absence of

---

[6] Courts have concluded that "[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms." *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008). Here, it is perhaps significant to note that no medical source offering an opinion analyzed by the ALJ in his decision had an opportunity to review Plaintiff's most recent cervical and lumbar spine MRIs taken in October 2013 (or had the opportunity to review much of Plaintiff's treatment record presently before the Court, which contains records into 2019). The October 2013 imaging tests, at the least, showed a worsening of Plaintiff's condition in her lumbar spine and, as noted above, "correlate clinically for facetogenic low back pain." *See* PageID 659. While the ALJ summarizes these MRI findings in his opinion, he fails to explain why such objective imaging evidence fails to support Plaintiff's allegations of disabling symptoms or Dr. Byers's opinion.

objectively measurable signs and symptoms." *Lawson v. Astrue*, 695 F. Supp. 2d 729, 744 (S.D. Ohio 2010). Accordingly, as previously found by Judge Ovington, the ALJ's "decision to fault Dr. Byers's opinion due to the lack of objection supporting evidence constituted error" and merits reversal. PageID 1180.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). As previously noted by the Sixth Circuit, this is not a case where proof of Plaintiff's disability is overwhelming. *Earley*, 893 F.3d at 935.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   December 7, 2020                                s/ Michael J. Newman
                                                        Michael J. Newman
                                                        United States District Judge